UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AMANDA TALLEY,
    Plaintiff,

v.                              Case No. 3:24-cv-34-ZCB

BRIGHT BLUE POOL, INC., et al.,
    Defendants.
_____/

## ORDER

Before the Court is the parties' amended joint motion for Court approval of their proposed settlement agreement. (Doc. 78).[1] After a careful review of the motion and proposed settlement agreement, the Court will grant the motion.[2]

## I. Background

Plaintiff Amanda Talley's complaint brings claims under the Fair Labor Standards Act (FLSA) and state law. The complaint names two Defendants: (1) Bright Blue Pool, Inc., and (2) Curtis Nelson. The complaint alleges that Defendants willfully violated the FLSA by failing

---

[1] Because the parties have filed an amended joint motion, their initial joint motion (Doc. 76) is now moot.

[2] This matter was referred to the undersigned under 28 U.S.C. § 636(c) on the consent of the parties. (Doc. 76 at 6; Doc. 78 at 6; Doc. 77).

to pay Plaintiff overtime for work in excess of forty hours per week and by retaliating against Plaintiff.  Plaintiff also asserts whistleblower and battery claims under state law.[3]

After Plaintiff filed the complaint, the parties engaged in discovery prior to Defendants moving for summary judgment (Doc. 47).  Summary judgment was granted in part and denied in part for Defendants (Doc. 55), and the matter was referred to the undersigned for a settlement conference (Docs. 56, 57).  At the April 29, 2026, settlement conference, the parties candidly discussed the strengths and weaknesses of their respective positions.  They disputed liability and the amount of damages. (Doc. 78 at 4).  The settlement conference lasted several hours with the parties making compromises and concessions.  After the settlement conference and subsequent negotiations between the parties, the parties agreed to resolve Plaintiff's FLSA overtime wage claims for the total sum of $18,604.04.[4]  This amount is broken down as follows:

---

[3] Plaintiff also asserted additional claims under Title VII and state law. (Doc. 1).  Two of these claims were dismissed (Doc. 17), and summary judgment was entered for Defendants on the others (Doc. 55).

[4] Because the Court concludes "there is no concern for contamination of any underlying wage/overtime claims[,]" the Court need not review the parties' separate settlement of Plaintiff's FLSA retaliation claim.  *See Isonhart v. Step One Auto. CSS, LLC*, No. 4:23cv10, 2023 WL 7497510,

| FLSA Unpaid Overtime Payment | $2,802.02 |
|---|---|
| FLSA Liquidated Damages | $2,802.02 |
| Plaintiff's Attorney's Fees | $13,000.00 |

(*Id.* at 3; Doc. 78-1 at 2).

## II. Analysis

"Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). Back-wages claims under the FLSA may be settled or compromised only when the Department of Labor supervises the payment of back-wages or when the court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. More precisely, courts must determine whether a compromise of an FLSA claim for wages represents "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* at 1355.

---

at *1-2 (S.D. Ga. Nov. 13, 2023) ("Courts within the Eleventh Circuit have held that a court is not required to review the parties' settlement of a plaintiff's FLSA retaliation claim, provided its terms do not serve to contaminate the agreement as to the FLSA wage claim." (collecting cases)).

3

The judicial consideration of an FLSA settlement agreement involves both internal and external factors. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241-43 (M.D. Fla. 2010). The internal factors include whether (1) the compromise is fair and reasonable to the employee;[5] (2) the compromise resolves a *bona fide* dispute; (3) a confidentiality provision contravenes FLSA policy; (4) the compromise involves a prospective waiver of FLSA rights; and (5) the compromise awards reasonable attorney's fees. *See id.* The external factors include whether the compromise otherwise frustrates the implementation of the FLSA, requiring the court to consider matters such as whether other employees are similarly situated or whether either the employer or the industry has a history of noncompliance. *Id.* at 1243-44.

A. **The internal factors weigh in favor of approving the settlement.**

1. **The compromise is fair and reasonable.**

---

[5] Additional considerations for evaluating the fairness and reasonableness of the settlement include: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *Dees*, 706 F. Supp. 2d at 1241.

The Court finds the settlement agreement is a fair and reasonable resolution of a *bona fide* dispute.  Turning to the first of the internal factors, the settlement agreement is fair and reasonable to the employee.  Defendants agreed to pay $5,604.04 for the alleged FLSA overtime wage claim.  This amount includes full liquidated damages and represents Plaintiff's full calculation of potential damages.  (Doc. 78 at 3-4; Doc. 78-1 at 2).  The Court has reviewed the parties' damages estimations and finds the compromise amount to be fair and reasonable, especially given the "strong presumption in favor of finding a settlement fair." *Benitez v. Fastmile Delivers, LLC*, No. 6:25cv670, 2025 WL 3900731, at *2 (M.D. Fla. Dec. 16, 2025) (cleaned up).

Additional considerations support a finding of fairness and reasonableness.  As to fraud or collusion, both Plaintiff and Defendants were vigorously represented by independent counsel with experience litigating FLSA claims.  The parties reached a settlement after hours of negotiations during a settlement conference.  There is nothing before the Court suggesting that the settlement is the result of fraud or collusion.  Thus, this consideration weighs in favor of fairness and reasonableness of the settlement.  *See Helms v. Cent. Fla. Reg'l Hosp.*, No. 605cv383, 2006

WL 3858491, at \*4 (M.D. Fla. Dec. 26, 2006) (finding no fraud or collusion where "each party was independently represented by counsel" who "were obligated to vigorously represent their clients' rights").

The complexity, expense, and likely duration of the litigation also weigh in favor of fairness and reasonableness of the settlement. The parties continue to disagree over the merits of Plaintiff's claims and the amount of damages. (Doc. 78 at 4). But as noted by the parties and the Court at the settlement conference, the expense of this litigation would have been relatively high. And, as acknowledged by the parties (*id.* at 4-5), proceeding to trial would have further increased these costs and the duration of litigation. Therefore, this consideration weighs in favor of fairness and reasonableness. *See Sanchez v. M&F, LLC*, No. 617cv1752, 2019 WL 12262645, at \*6 (M.D. Fla. Nov. 13, 2019) (finding fairness and reasonableness where the parties had "engaged in full discovery" and wanted, *inter alia*, "to avoid the uncertainties of trial"), *adopted*, 2019 WL 12262025 (M.D. Fla. Nov. 19, 2019); *Brownlee v. Landsouth Constr., LLC*, No. 2:17cv141, 2017 WL 4083554, at \*2 (M.D. Fla. Sept. 6, 2017) (finding fairness and reasonableness "in light of the strength of the defenses, the

complexity of the case, and the expense and length of continued litigation"), *adopted*, 2017 WL 4077023 (M.D. Fla. Sept. 14, 2017).

The stage of the proceedings further supports fairness and reasonableness of the settlement. This case has been pending for over two years. Although discovery has been completed and dispositive motions resolved, the filing of any pre-trial evidentiary motions and ultimately a jury trial would significantly increase the costs to all parties. Any potential post-trial motions or appeals would only further increase the costs to the parties. Thus, the settlement represents a reasonable means for the parties to minimize risks and litigation costs. (Doc. 78 at 4-5) (noting the parties agree that the continued expense of litigation justifies settlement); *see Galvao v. NAPA Mgmt. Servs. Corp.*, No. 0:25cv60996, 2025 WL 3682956, at *1 (S.D. Fla. Dec. 10, 2025) (approving FLSA settlement where the "parties reached the settlement as a reasonable compromise and in consideration of the costs and risks of continued litigation").

The likelihood of Plaintiff's success on the merits and range of possible recovery support finding the settlement fair and reasonable. The parties acknowledge the uncertainty of Plaintiff's probability of success

and the wide range of possible recovery if this case proceeded to trial. (Doc. 78 at 3-4) (acknowledging the risk to the parties and that Plaintiff "is not assured of success on her claims").

Lastly, the opinions of counsel support a finding of fairness and reasonableness. Both Plaintiff's counsel and Defendants' counsel support the parties' settlement as a fair and reasonable resolution of this case. (Doc. 78 at 4, 6). "Absent fraud, collusion, or the like," the Court "should be hesitant to substitute its own judgment for that of counsel." *Nelson v. Mead Johnson & Johnson Co.*, 484 F. App'x 429, 434 (11th Cir. 2012).

### 2. The settlement resolves a *bona fide* dispute.

Turning to the second internal factor, the settlement agreement resolves a *bona fide* dispute. As mentioned above, Defendants deny liability, and Plaintiff contends there is liability. (Doc. 78 at 4). The Court has considered the arguments on both sides, and it is clear there is a *bona fide* dispute regarding liability and damages. And, to avoid further costs and uncertainty of litigation, the parties have agreed to this settlement.

**3. The settlement involves no confidentiality provision contravening FLSA policy and no prospective waiver of FLSA claims.**

As to internal factors three and four, there is no confidentiality agreement that would contravene FLSA policy and no prospective waiver of FLSA claims.  (Doc. 78-1 at 2-4) (showing a release of claims "which exist[] as of the date Plaintiff signs this Agreement" and omitting any confidentiality provisions).  The limited release of federal and state wage and hour law claims as contained in the settlement agreement is appropriate.

**4. The compromise awards Plaintiff's counsel a reasonable fee.**

Turning to the last internal factor, the $13,000 attorney's fee award is not unreasonable, was negotiated separate and apart from Plaintiff's claims, and did not adversely influence the amount of recovery on Plaintiff's FLSA claims.  (Doc. 78 at 3, 6).  Moreover, the Court believes the amount of the fee is reasonable given the amount of work undertaken and the circumstances of this case.  Thus, this factor weighs in favor of approving the settlement agreement.

**B. The external factors weigh in favor of approving the settlement.**

Having explained that the internal factors favor settlement, the Court turns to the external factors.  There is no indication that the settlement agreement frustrates the implementation of the FLSA.  And there is nothing indicating the employer has a history of noncompliance. Accordingly, the external factors favor approval of the settlement.

## III.  Conclusion

The Court finds that the settlement agreement reflects a fair and reasonable compromise of disputed issues.  Accordingly, it is **ORDERED** that:

1.    The parties' initial joint motion for approval of the settlement agreement (Doc. 76) is **TERMINATED as moot**.

2.    The parties' amended joint motion for approval of the settlement agreement (Doc. 78) is **GRANTED**, and the settlement agreement (Doc. 78-1) is **APPROVED**.

3.    The administration of the settlement shall occur as outlined in the amended joint motion and settlement documents (Doc. 78; Doc. 78-1).

4.      The parties shall promptly file a joint stipulation of voluntary

dismissal.

**DONE AND ORDERED** this 22nd day of June 2026.

/s/ *Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge

11